# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 DEC 17 AM 10: 54

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Magistrate Docket No. **'07 MJ 2920** |
| ) | |
| **Plaintiff** ) | |
| ) | COMPLAINT FOR |
| v. ) | VIOLATION OF: |
| ) | TITLE 8 U.S.C. § 1326 |
| **Alejandro SAMAYOA TIZNADO** ) | Attempted Entry After Deportation |
| **AKA: Francisco E. RAMIREZ** ) | |
| ) | TITLE 18 U.S.C. § 1546 |
| ) | Misuse of Passport |
| ) | |

The undersigned complainant, being duly sworn, states:

### Count 1
On or about December 15, 2007, within the Southern District of California, defendant Alejandro SAMAYOA TIZNADO, AKA Francisco E. RAMIREZ, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Yisdro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

### Count 2
On or about December 15, 2007, within the Southern District of California, defendant Alejandro SAMAYOA TIZNADO, AKA Francisco E. RAMIREZ, did knowingly possess a US Passport to wit, US Passport number 434721388, issued to Francisco E. RAMIREZ, which defendant knew to be unlawfully obtained, to wit, defendant knew full well that he was not Francisco E. Ramirez, the US Passport was not issued to him, and he is not a US Citizen, and is not entitled to a US Passport. All in violation of Title 18, United States Code, Section 1546.

### Count 3
On or about December 15, 2007, within the Southern District of California, defendant Alejandro SAMAYOA TIZNADO, AKA Francisco E. RAMIREZ, did knowingly possess a counterfeit California Driver License, a document prescribed by statute or regulation for entry into the United States, to wit, California Driver License number A1205490, bearing the name Francisco E. RAMIREZ, which defendant knew to be unlawfully obtained, to wit, defendant knew full well that he was not Francisco E. RAMIREZ, and the California Driver License was not issued to him. All in Violation of Title 18 United States Code, Section 1546.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

                                            Richard M. Escott
                                            Senior Special Agent
                                            U.S. Department of State
                                            Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _____ 16 _____ day of _December_, 2007.

_____ UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1.      I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2.      During the performance of my duties, I have obtained evidence that Alejandro SAMAYOA TIZNADO, AKA Francisco E. RAMIREZ, possessed a US passport issued for the use of another and unlawfully obtained, attempted reentry into the United States after having been deported, and possessed a counterfeit California Driver License, a document prescribed by statute or regulation for entry into the United States. This Affidavit is made in support of a complaint against Alejandro SAMAYOA TIZNADO for violations of Title 18, U.S.C., Section 1546 Misuse Fraud and Misuse of Visas, Permits, and Other Documents and Title 8 U.S.C., Section 1326, Attempted Reentry After Deportation.

3.      On 12/15/2007, at approximately 0340 hours, DEFENDANT was the driver of a vehicle who presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the vehicle lanes of the San Yisdro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with California Driver License number A1205490, bearing the name Francisco E. RAMIREZ, DPOB 07/15/1970, Mexico, and a photograph that resembled DEFENDANT. The CBP Officer noticed a blanket in the cargo area of the vehicle. The Officer removed the blanket and discovered three individuals hiding under the blanket. All of the individuals were escorted into the security office for further inspection.

4.      On 12/15/2007, a CBP Officer conducted a secondary inspection of DEFENDANT and DEFENDANT's vehicle. Secondary Inspection revealed that the vehicle that DEFENDANT was driving was stolen. Also discovered was US Passport number 434721388, bearing the name Francisco E. RAMIREZ, DOB 07/15/1970, the same identity as presented on the counterfeit California Driver License. Officers also found a counterfeit California Motor Vehicle Registration card in the name Francisco E. RAMIREZ. During the inspection interview DEFENDANT admitted that his true name was Alejandro SAMAYOA TIZNADO, and that he was a citizen of Mexico, not a US Citizen. Fingerprint checks revealed that Defendant had a FBI record in NCIC in the name Alejandro SAMAYOA. The individuals hiding in the cargo area admitted their true names and that they were citizens of Mexico and that they did not have proper legal documents to enter, pass through, or reside in the United States.

5.      On 12/15/2007, at approximately 1645 hours, a CBP Officer informed DEFENDANT of his Miranda rights. DEFENDANT refused the opportunity to provide his side of the story or any mitigating circumstance without the presence of counsel.

6. On 11/25/2007, at approximately 1930 hours, the Affiant was notified by a CBP Officer from the San Yisdro POE, of the case.

7. On 11/25/2007, at approximately 2230 hours, DEFENDANT was retrieved from a cell in the Port Enforcement Team and was brought upstairs for processing. The Affiant, informed DEFENDANT that he was under arrest, and confirmed that DEFENDANT had been offered the opportunity to talk about the circumstances and that he refused to talk without the presence of counsel

8. On 12/15/2007, a CBP Officer conducted DHS record checks. Records revealed that DEFENDANT had been formally deported from the United States on or about 11/13/2007. Checks also revealed that on 08/24/2007, DEFENDANT was arrested for smuggling 6 undocumented persons into the US in a vehicle, on 09/06/2007, DEFENDANT was arrested for driving a vehicle with 3 undocumented persons concealed in the trunk and Misuse of a Passport, and on 10/23/2007, DEFENDANT was arrested for smuggling 8 undocumented persons concealed in a stolen vehicle.

9. On 12/16/2007, the Affiant contacted the victim, the true person, Francisco E. RAMIREZ, DOB 07/15/2007, using the telephone number he provided on the application for US Passport number 434721388. RAMIREZ stated that his US Passport, along with other possessions, was stolen from his vehicle approximately two weeks ago, while he was in Tijuana attending a funeral. RAMIREZ indicated that he had reported the passport lost/stolen approximately one week ago.

10. On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on 12/15/2007 - in violation of Title18, United States Code, Section 1546: Fraud and Misuse of Visas, Permits, and Other Documents - when he knowingly possessed a passport belonging to another, Francisco E. RAMIREZ, knowing that it was not legally issued or designed for his use, and unlawfully obtained; and when he knowingly possessed a California Driver License, a document prescribed by statute or regulation for entry into the United States, belonging to another, Francisco E. RAMIREZ, knowing that it was not legally issued to him and was unlawfully obtained; and, in violation of Title 8, United States Code 1326; Attempted Reentry After Deportation – when being an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Yisdro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States

Richard M. Escott    12/16/2007 /505hrs
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

_____    UNITED STATES MAGISTRATE JUDGE